```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


JAMES WILLIAMS,                    :
                                   :    HONORABLE JOSEPH E. IRENAS
            Petitioner,            :
                                   :    CIVIL ACTION NO. 07-2684 (JEI)
     v.                            :
                                   :
UNITED STATES OF AMERICA,          :            OPINION
                                   :
            Respondent.            :
```

**APPEARANCES:**

JAMES WILLIAMS, *pro se*
# 26609-050
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
By: Philip James Degnan, Esq.
970 Broad Street
Suite 700
Newark, New Jersey 07102
    Counsel for Respondent

**IRENAS**, Senior District Judge:

Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence brought under 28 U.S.C. § 2255. Petitioner presents the following claims: (1) his sentence to 84 months in prison should be reduced pursuant to amendments to the sentencing guidelines proposed by the United States Sentencing Commission (the "Commission") on May 1, 2007, as they relate to the sentencing disparity between powder cocaine and cocaine base, commonly known as crack cocaine; (2) his counsel's assistance was constitutionally ineffective because counsel allowed him to plead

guilty despite alleged coercion by the Government; (3) he was subjected to an unconstitutional search and seizure, the fruits of which resulted in a two-level sentence enhancement; and (4) his criminal history calculation used at sentencing overstated the true nature of his prior criminal conduct.  For the reasons set forth below, Petitioner's motion will be denied in part without an evidentiary hearing and dismissed in part without prejudice.

**I.**

On January 17, 2006, Petitioner James Williams and the Government reached a plea agreement.  Pursuant to the agreement, Petitioner pled guilty to one count of possession with intent to distribute at least five grams, but less than twenty grams, of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  (Judgment p. 1.)  As it pertained to the amount of crack cocaine, the agreement constituted a significant reduction in the amount that Petitioner admitted to possessing, which was 196.18 grams.  (PSR ¶ 15.)

This Court accepted Petitioner's guilty plea during a plea hearing, held pursuant to Federal Rule of Criminal Procedure 11 on March 31, 2006, after concluding that Petitioner understood the significance of the plea agreement and finding that Petitioner was satisfied with his counsel's representation.  This

Court spent considerable time questioning Petitioner regarding the voluntariness of his plea and his understanding of the plea agreement's terms before concluding that Petitioner's decision to plead guilty was voluntary and knowing.  (Plea Hearing Tr. pp. 6-26.)

On August 25, 2006, Petitioner was sentenced to a prison term of 84 months followed by a four-year term of supervised release.[1]  (Sentence Tr. pp. 8-9.)  Petitioner did not file a notice of appeal, but filed this § 2255 motion on May 23, 2007.

## II.

Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Therefore, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

---

[1] While Petitioner's sentence of 84 months in prison was at the lowest end of the calculated guideline range, it was "also based on a consideration of all of the factors set forth under 18 U.S.C. § 3553(a)," (Statement of Reasons), which this Court evaluates pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion made under § 2255. *See Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). When exercising that discretion, the court must first determine whether the petitioner's claims, if proven, would entitle him to relief, and if so, if an evidentiary hearing is needed to determine the truth of the allegations. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d Cir. 1991). A district court may dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992); *Forte*, 865 F.2d at 62).

### III.

### A.

Petitioner first argues that his 84-month prison sentence should be reduced pursuant to the Commission's May 1, 2007, amendments to the sentencing guidelines. These amendments became effective November 1, 2007. The Court will dismiss Petitioner's claim without prejudice because the retroactive application of the amendment related to crack cocaine does not become effective until March 3, 2008, and because a § 2255 motion is not the appropriate means by which Petitioner should raise this claim.

4

As of November 1, 2007, the Commission amended Sentencing Guideline Section 2D1.1 as it relates to quantities of crack cocaine by effectively reducing a defendant's Base Offense Level by two for most crack cocaine offenses.  *See* U.S.S.G. Supp. App. C, Amend. 706.  On December 11, 2007, the Commission added Amendment 706 to the list of Amendments that may be applied retroactively pursuant to Sentencing Guideline Section 1B1.10(c), effective March 3, 2008.

> Section 1B1.10 states, in pertinent part:
>
> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) . . . a reduction in the defendant's term of imprisonment is authorized *under 18 U.S.C. § 3582(c)(2)*.

U.S.S.G. § 1B1.10(a) (emphasis added).  Section 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . *upon motion of the defendant* . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . .

18 U.S.C. § 3582(c)(2) (emphasis added).

Thus, the Sentencing Guidelines and § 3582 make clear that a defendant's term of imprisonment may be reduced at the Court's discretion where (1) the applicable guideline range has subsequently been lowered by the Sentencing Commission, and, more relevant to Petitioner's present claim, (2) an appropriate motion

5

is filed by the defendant under § 3582(c)(2).[2]  A motion brought pursuant to § 2255 is not the appropriate procedural framework for the Court to evaluate a potential reduction in Petitioner's term of imprisonment.  Moreover, the retroactive application of the crack cocaine amendment is not effective until March 3, 2008.  Because Congress could override the Sentencing Commission's recent decision, the Court must take the more prudent course and wait until the effective date before considering any motions brought pursuant to § 3582(c)(2).

Accordingly, the Court will dismiss Petitioner's first claim without prejudice.  Petitioner may seek a reduction in his term of imprisonment by filing a motion with the Court under § 3582(c)(2) on or after March 3, 2008.  The Court will appoint legal counsel to Petitioner pursuant to the Criminal Justice Act to assist with the filing of the proper motion.

**B.**

Petitioner next claims that the Government coerced him into pleading guilty.  Specifically, Petitioner asserts that he was denied his Sixth Amendment right to counsel because he would not

---

[2]  Section 3582(c)(2) also provides that a motion may be filed by the Director of the Bureau of Prisons, or that the Court may reduce the term of imprisonment on its own motion.  However, because the Court cannot evaluate Petitioner's claim until March 3, the Court will appoint legal counsel to Petitioner to assist him in filing a motion under § 3582(c)(2).

6

have pled guilty if his attorney had provided effective assistance as to the alleged coercion.

To succeed on this claim, Petitioner "must show that (i) his . . . counsel's representation fell below an objective standard of reasonableness demanded of attorneys in criminal cases; and (ii) there is a reasonable probability that, but for counsel's errors, he . . . would have proceeded to trial instead of pleading guilty." *Nahodil*, 36 F.3d at 326 (citing *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985)). The Court must also keep in mind that "'[t]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity.'" *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994) (second alteration in original) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

Petitioner alleges that he was threatened that his "mother would be charged with the current offenses if [he] did not plead guilty." (§ 2255 Motion p. 5.) While Petitioner does not specify who threatened him, the Court presumes it would have been the Assistant United States Attorney ("AUSA") prosecuting Petitioner on behalf of the United States, since the AUSA had the ability to charge Petitioner's mother. According to Petitioner,

7

if he had proper representation from counsel, the coercive conduct would have been brought to the Court's attention and would have precluded Petitioner's guilty plea.

However, Petitioner's relatively vague allegation is directly contradicted by his own certification and the testimony he gave under oath at the plea hearing.  First, with regard to the general allegation of coercion, Petitioner's certified Application For Permission To Enter Plea of Guilty (the "Application") states: "I hereby declare that I have not been forced, coerced or threatened in any manner by any person to plead GUILTY to these charges.  *Nor have I been told that if I refuse to plead GUILTY, other persons will be prosecuted*."  (App. ¶ 35 (emphasis added))  In addition, at the plea hearing the Court specifically asked Petitioner:

>THE COURT: Has anyone threatened you in any way to make or force you to enter a plea of guilty?
>
>THE DEFENDANT: No.
>
>. . .
>
>THE COURT: Are you pleading guilty to protect someone else?
>
>THE DEFENDANT: No.

(Plea Hearing Tr. pp. 23:21-23; 24:1-2.)

Second, as to Petitioner's specific claim of ineffective assistance of counsel in connection with the alleged coercion, the Application states: "I believe that my lawyer has done all

8

that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP MY LAWYER HAS GIVEN ME.  (App. ¶ 39 (emphasis in original))  During the plea hearing, the Court addressed Petitioner's satisfaction with his representation, both generally and with respect to the plea agreement:

> THE COURT: Now, have you been represented by Ms. Biancamano throughout this matter?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with her representation?
>
> THE DEFENDANT: Yes, I am.
>
> . . .
>
> THE COURT: Did you review the plea agreement?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: And did you have a chance to go over it with Ms. Biancamano?
>
> THE DEFENDANT: Yes.
>
> THE COURT: [D]id you have an opportunity to ask her whatever questions you want to ask her?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did she explain or answer your questions to your satisfaction?
>
> THE DEFENDANT: Yes.

(Plea Hearing Tr. pp. 6:24-25; 7:1-3; 21:11-25)

As the Third Circuit has explained, "A habeas petitioner challenging the voluntary nature of his . . . guilty plea faces a

9

heavy burden.  The plea colloquy is designed to uncover hidden promises or representations as to the consequences of a guilty plea." *Zilich*, 36 F.3d at 320.  For this reason, Petitioner must put forth "specific and credible allegations" describing the "nature and circumstances" of the alleged coercive conduct and counsel's ineffective assistance in order to overcome the weight carried by his own statements made under oath.  *Id.* at 320-21.

Petitioner fails to meet his burden in this case.  The above quoted record gives several situations where Petitioner could have discussed or raised the issue of coercion but did not.  In his § 2255 motion, Petitioner has merely alleged coercion without offering any specific details to support his claim.  Furthermore, Petitioner does not provide any detail as to how his counsel's representation fell below an objective standard of reasonableness.  The Court can only assume that counsel's ineffective representation stemmed from her failure to raise the issue of coercion during the plea hearing.  In light of Petitioner's testimony that he was not coerced to enter a plea of guilty and that he was satisfied with his counsel's representation, the Court cannot conclude that but for counsel's failure to address the alleged coercive conduct, Petitioner would not have pled guilty.  Therefore, Petitioner's request for relief on this ground will be denied.

10

C.

Petitioner also challenges the two-level enhancement to his Base Offense Level, which resulted from his possession of a firearm.  Petitioner alleges that the firearm was the fruit of an unconstitutional search of his mother's home,[3] and thus should not have resulted in a sentence enhancement.

A defendant who pleads guilty waives the right to "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Following a guilty plea, a defendant "may only attack the voluntary and intelligent character of the guilty plea."  *Id.*; *see also United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) ("[W]e hold that waivers of appeal [or collateral attack], if entered into knowingly and voluntarily, are valid.").

In this case, the plea agreement between Petitioner and the Government stated:

> James Williams knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to . . . *a motion under 28 U.S.C. § 2255*, which challenges the sentence imposed by the sentencing court if that sentence falls within the Guideline range that results from the agreed total Guidelines offense level of 25 . . . .

---

[3] At the time of his arrest, Petitioner resided alone in a one-bedroom apartment located in a two-family residence owned by his mother.  (PSR ¶ 47.)  His mother also resided in the two-family residence.  (*Id.*)

11

Plea Agreement, Sched. A, ¶ 8 (emphasis added). In accordance with the plea agreement, this Court sentenced Petitioner to a term of imprisonment at the very bottom of the guideline range for a Total Offense Level of 25 and Criminal History Category of IV.[4] Thus, Petitioner waived his right to raise any constitutional claim that arose prior to the guilty plea, particularly as it applies to the sentence imposed by this Court.

This leaves Petitioner the ability to attack only the voluntary and intelligent nature of his guilty plea. At the plea hearing, the court spent considerable time ensuring that Petitioner's guilty plea was voluntary and knowing. (*See* Plea Hearing Tr. pp. 6-26.) At the start of the plea colloquy, the Court stated, "I am going to ask you some questions because you want to be sure that your decision to plead guilty is made knowingly, intelligently, voluntarily and with the advice of counsel." (*Id.* at 6:11-14.) Then at the conclusion of the colloquy, the Court found that Petitioner's decision to plead

---

[4] The plea agreement did not affect the criminal history computation, which remained a Category IV. (PSR ¶¶ 33-41.) In calculating the Total Offense Level, the stipulated drug amount of at least five grams but less than twenty grams of crack cocaine resulted in a Base Offense Level of 26. Petitioner then received a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). Finally, pursuant to U.S.S.G. § 3E1.1(a)-(b), the offense level was decreased by three points based on Petitioner's acceptance of responsibility. This resulted in a Total Offense Level of 25 along with a Criminal History Category of IV. Thus, the range for imprisonment was 84 to 105 months under U.S.S.G. Chapter 5, Part A. Petitioner was sentenced to an 84-month term of imprisonment.

guilty was "voluntary and knowing and intelligently made and done with no threats, promises or inducements, no secret promises by the government, no promise of any kind that [was] not specifically set forth in the plea agreement itself." (*Id.* at 26:21-25.) The Court also found that Petitioner understood "the range of constitutional rights . . . outlined for him [and that] not only [did] he understand those rights but his decision to waive them [was] knowing and voluntary." (*Id.* at 27:3-6.) Because Petitioner has presented no argument to contradict this Court's findings at the plea hearing, his claim must be denied.

**D.**

Lastly, Petitioner claims his criminal history calculation used at sentencing overstated the true nature of his prior criminal conduct. Specifically, Petitioner contends that his two sentences stemming from convictions at the age of 18 ran concurrently, and therefore should be counted as one for purposes of his criminal history calculation.[5]

Despite Petitioner's general waiver of his right to appeal discussed above, he did reserve the right to appeal this particular issue under the terms of his plea agreement. (*See* Plea Agreement, Sched. A, ¶¶ 7-8.) Nonetheless, Petitioner did

---

[5] If Petitioner's contention is correct, his Criminal History Category would be III, rather than IV, resulting in a lower sentencing guideline range for a term of imprisonment.

not file a notice of appeal, and thus failed to raise this issue on direct appeal. "[T]o obtain collateral relief [pursuant to § 2255] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Claims not raised on direct appeal result in a procedural default, and may not be raised on collateral review unless a petitioner can show both cause and actual prejudice. *See id*. at 167-68; *see also United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993) (holding that "*Frady*'s cause and prejudice standard applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed"). Therefore, Petitioner must establish cause and actual prejudice to overcome his procedural default.

Cause "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The prejudice prong of the procedural default inquiry is satisfied by establishing a "reasonable probability that the result of the trial would have been different." *Strickler v. Greene*, 527 U.S. 263, 289 (1999); *see also United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003) (refusing to find that § 2255 petitioner demonstrated actual prejudice where the overwhelming evidence at trial established that he had possessed at least 50 kilograms of

14

marijuana); *Whitney v. Horn*, 280 F.3d 240, 258 (3d Cir. 2002) (finding that prejudice was established by the petitioner showing a "reasonable probability that the result would have been different but for" his ineffective assistance of counsel).

Petitioner does not provide any facts in his § 2255 motion either to show cause sufficient to excuse his failure to raise this claim on direct appeal or to establish actual prejudice. As to the actual prejudice inquiry, the sentencing guidelines' instructions for computing criminal history are clear that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2).

The two offenses Petitioner refers to in his § 2255 motion both occurred in 1997. Petitioner was arrested for the first offense on May 26, 1997, when he was charged with eight counts.[6] (PSR ¶¶ 34-35.) Almost exactly six months later Petitioner was arrested again, on November 25, 1997, when he was charged with three counts.[7] (PSR ¶¶ 36-37.) In both instances, Petitioner

---

[6] Petitioner was charged with theft of an automobile, two counts of aggravated assault, receiving stolen property, resisting arrest, eluding, possession of a weapon, and possession of a weapon for an unlawful purpose.

[7] Petitioner was charged with receiving stolen property, possession of stolen motor vehicle parts, and possession of

15

was arrested on the same day that the offenses occurred.  The Presentence Investigation Report clearly establishes that Petitioner was arrested for the first offense six months prior to committing the second offense.  Therefore, pursuant to the sentencing guidelines, Petitioner was not entitled to have the two prior sentences counted as one, and the calculation of his Criminal History Category of IV was correct at the original sentencing.[8]  Because Petitioner cannot establish cause or actual prejudice, relief on this matter is denied.

**IV.**

For the reasons set forth above, the Court will deny Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 as to Claims II, III, and IV, without an evidentiary hearing.  The Court will dismiss Claim I without prejudice and will appoint legal counsel to Petitioner pursuant to the Criminal Justice Act.  Because the Court finds that Petitioner has not made a substantial showing of the denial

---

burglars' tools.

[8] In further support of the conclusion that the prior sentences were appropriately counted separately, the Presentence Investigation Report indicates that Petitioner was sentenced for both offenses in two separate proceedings.  For the first offense, Petitioner was sentenced to eight years in custody on July 10, 1998, (PSR ¶ 34), and for the second offense, Petitioner was sentenced to eighteen months in custody on November 6, 1998 (PSR ¶ 36).

16

of a constitutional right, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c).  The Court will issue an appropriate order.

Date: February 19, 2008

s/ Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J**
